UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MITCHELL WILLS,

    Plaintiff,

v.                                              Case No. 3:22cv10541-LC-HTC

ESCAMBIA COUNTY JAIL,
BOARD OF COUNTY COMMISSIONERS,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

Plaintiff, Mitchell Wills, a prisoner proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 6. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's orders requiring him to file a second amended complaint and update this Court with his current address, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with an order of the Court, and failure to keep the Court apprised of his address.

On September 6, 2022, the Court entered an Order, ECF Doc. 8, granting Plaintiff's motion to proceed *in forma pauperis* and directing Plaintiff to file a second amended complaint by September 27, 2022. ECF Doc. 9. When no second amended complaint was filed by October 5, 2022, the Court ordered Plaintiff to show cause by October 19, 2022, why this case should not be dismissed. ECF Doc. 11.

On October 12, 2022, the Court's October 5, 2022 Order was returned undeliverable. ECF Doc. 12. The envelope included a handwritten note indicating Plaintiff had been released on September 29, 2022. Plaintiff has not informed the Court of his release and did not file a notice of change of address within seven (7) days, as he was instructed to by several orders of the Court. ECF Docs. 3, 5, 8 and 9. Plaintiff was also instructed in those same orders that "Failure to comply with this Order as instructed may result in a recommendation that this case be dismissed for failure to prosecute or failure to comply with an order of the Court." *See id*.

Plaintiff, nonetheless, has ignored those admonitions. Each instance of Plaintiff's failure to comply is an independent basis for dismissal.[1] Indeed, a district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018)

---

[1] Although the time for Plaintiff to respond to the show cause order has not yet expired, given that the Court does not have a forwarding address for Plaintiff and the show cause order was returned undeliverable, the undersigned finds this report and recommendation to be nonetheless appropriate.

Case No. 3:22cv10541-LC-HTC

(affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute because Plaintiff has not filed anything with the Court since initiating this action over two (2) months ago. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b);

*see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, and failure to keep the Court apprised of his address.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 14th day of October, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.